# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-177-RJC-DCK

| | |
|---|---|
| IRIS K. PRITCHARD<br>JOSEPH P. PRITCHARD,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE AUTOMOBILE INSURANCE<br>COMPANY OF HARTFORD,<br>CONNECTICUT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   **MEMORANDUM AND**<br>)   **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Dismiss Claim Three Of Amended Complaint" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Iris K. Pritchard and Joseph P. Pritchard ("Plaintiffs") initiated this action with the filing of a "Verified Complaint" on March 13, 2014, in the Superior Court of Mecklenburg County, North Carolina. (Document No. 1-3). The Travelers Companies, Inc. ("Travelers") and The Automobile Insurance Company of Hartford, Connecticut ("AIC") (together "Defendants") filed their "Notice Of Removal" (Document No. 1) to this Court on April 11, 2014. On May 23, 2014, Plaintiffs filed an "Amended Complaint" that only asserts claims against AIC ("Defendant").

Defendant AIC filed its "Motion For Judgment On The Pleadings" (Document No. 20) on June 24, 2014. Defendant describes this action as "a straight-forward insurance dispute involving a homeowners' policy issued by AIC (the "Policy") to Plaintiff Iris K. Pritchard." (Document No. 20, p.1). Defendant's "Motion For Judgment On The Pleadings" seeks judgment in Defendant's favor as to Plaintiffs' second and third claims for relief, both asserting causes of action for unfair and deceptive trade practices. Id. The pending "Motion For Judgment On The Pleadings" has been fully briefed and will be decided by the presiding District Court judge. See (Document Nos. 20, 22, and 24).

Also pending, and referred to the undersigned, is Plaintiffs' "Motion To Dismiss Claim Three Of Amended Complaint" (Document No. 23) filed on July 8, 2014. Plaintiffs' "Motion To Dismiss …" consists of one sentence and no supporting memoranda, and simply seeks "voluntary dismissal, without prejudice, [of] Claim Three of the Amended Complaint." (Document No. 23).

Defendant's "Response In Opposition To Plaintiffs' Motion To Dismiss Without Prejudice" (Document No. 25) was filed on July 18, 2014. Defendant does not oppose dismissal, but argues that dismissal should be with prejudice. (Document No. 25). To date, Plaintiffs have failed to file a reply brief in support of their motion, or notice of intent not to reply, and the time to do so has lapsed. See Local Rule 7.1 (E) ("If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice").

As such, Plaintiffs' pending "Motion To Dismiss…" is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## III. DISCUSSION

The undersigned finds Defendant's opposition to the instant motion persuasive. (Document No. 25). In particular, Defendant asserts that dismissal of Claim Three should be *with* prejudice because:

> (1) AIC has already incurred the burden and expense of answering the claim, twice, and moving to dismiss the claim, twice, (2) the Pritchards have offered no good explanation for why the legally inadequate claim should be dismissed without prejudice, and (3) AIC has already filed a motion for judgment on the pleadings on the claim, and said motion is currently pending before this court.

(Document No. 25, p.1). Moreover, Defendant argues that "no North Carolina court has ever recognized a cause of action like that asserted in the Third Claim for Relief." (Document No. 25, p.2).

Without any explanation or authority provided by Plaintiffs to support their motion, or any response to Defendant's arguments in opposition, the undersigned is compelled to recommend that Plaintiffs' motion to dismiss their third claim, *without* prejudice, be denied.

Although the undersigned will recommend that Plaintiff's "Motion To Dismiss Claim Three Of Amended Complaint" (Document No. 23) without prejudice be denied, the undersigned expresses no opinion as to the disposition of Claim Three pursuant to Defendant's "Motion For Judgment On The Pleadings" (Document No. 20).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiffs' "Motion To Dismiss Claim Three Of Amended Complaint" (Document No. 23) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 5, 2014

David C. Keesler
United States Magistrate Judge