UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-177-RJC-DCK

| | |
|---|---|
| IRIS K. PRITCHARD AND )<br>HUSBAND, JOSEPH P. PRITCHARD, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>)<br>THE AUTOMOBILE INSURANCE )<br>COMPANY OF HARTFORD, )<br>CONNECTICUT )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Automobile Insurance Company of Hartford, Connecticut's (AIC) Motion for Judgment on the Pleadings and supporting memorandum, (Docs. 20-21), and Plaintiffs' Response, (Doc. 22). Additionally, the Court reviews Plaintiffs' motions to dismiss Claim Three of the Amended Complaint, (Docs. 20, 27), and the Magistrate Judge's Memorandum and Recommendations, (M&R), (Doc. 26). These matters are ripe for review.

**I.     BACKGROUND**

On May 23, 2014, Plaintiffs filed an Amended Complaint alleging breach of an insurance contract (Claim I), and two claims for unfair and deceptive trade practices under North Carolina law, (Claims II and III). (Doc. 16). Plaintiffs' second claim involves a claim submitted by Plaintiffs on damage to their home; the third claim involves Defendant's decision not to renew Plaintiffs' homeowners insurance policy. (Id.). Defendants have moved for judgment on the pleadings on the second and third claims, (Doc. 21), while Plaintiffs have moved to dismiss their

third claim, (Doc. 27). The Court reviews each of these in turn.

Plaintiffs' second claim involves a dispute over Defendants handling of an insurance claim following damage to Plaintiffs' property in a thunderstorm in April 2011. Plaintiffs, who are elderly, sustained damage to the roof, stairwell and front porch of their home during the storm. (Doc. 16: Amended Complaint ¶¶9-12).

The pleadings and relevant exhibits are not entirely clear as to the nature or frequency of the communications between the parties as related to the claim for damages resulting from the thunderstorm. The pleadings establish that, upon Plaintiffs' request, AIC inspected the property on April 27, 2011, but did not speak directly to Plaintiffs. Instead, a letter was left for the inspector from a party identified as "Senior Advocate." (Id. ¶25). The author of this letter was Plaintiff Joseph Pritchard. (Id.). In its Answer, AIC denies (for lack of knowledge) that the adjustor inspecting Plaintiffs' property found the letter written by Mr. Pritchard. (Doc. 17 ¶25). Plaintiffs allege that Mr. Pritchard attempted to communicate with the adjustor on multiple occasions. (Doc. 16 ¶25). On May 3, 2011, Mr. Pritchard spoke with the adjustor without revealing his identity, but instead identified himself as "Senior Advocate." (Id.).

Almost one year later, Plaintiff retained counsel to assist them in resolving the claim. (Doc. 16 ¶30). Plaintiffs allege that AIC has not acted in good faith to effectuate a prompt or fair settlement. On May 31, 2012, AIC sent Plaintiffs' counsel a letter containing an estimate for Plaintiffs' counsel and issued claim checks to Plaintiffs in the amount of $28,321.29 and $64.34 to pay for repairs to Plaintiffs' home and to replace damaged personal property, respectively. (Doc. 17 ¶30). On August 7, 2012, AIC sent Plaintiffs' counsel a letter explaining how AIC arrived at such amounts. (Id.). Plaintiffs have not cashed the checks as they dispute the

2

coverage amount.

## II. STANDARD OF REVIEW

Rule 12(c) motions are governed by the same standard as motions brought under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). But the court need not accept allegations that "contradict matters properly subject to judicial notice or by exhibit." Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also FED. R. CIV. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). In contrast to a Rule 12(b)(6) motion, the court may consider the answer as well on a motion brought pursuant to Rule 12(c). Alexander v. City of Greensboro, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011).

The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Thus, the applicable test on a motion for judgment on the pleadings is whether, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law. Alexander, 801 F. Supp. 2d at 433.

### III. DISCUSSION

    A.    Motion To Dismiss Claim Three

Plaintiffs have two motions before this Court to dismiss voluntarily Claim Three. The first motion, filed on July 8, 2014, moves this Court to dismiss the claim without prejudice, (Doc. 23), while the second motion, filed August 6, 2014, moves to dismiss the claim with prejudice. (Doc. 27). In between those dates, the Magistrate Judge filed an M&R recommending that the Court deny the first motion. (Doc. 26).

The Court **grants** Plaintiffs' motion to dismiss voluntarily Claim Three with prejudice. (Doc. 27). Accordingly, Plaintiffs' earlier motion, (Doc. 23), is **denied as moot**, and the Court need not review the recommendation from the Magistrate Judge, (Doc. 26).

    B.    Motion for Judgment on the Pleadings for Claim Two

As noted supra, courts are restricted under Rule 12 as to the matters they may consider in determining whether to grant judgment on the pleadings. Plaintiffs' second claim alleges that Defendant violated N.C. Gen. Stat. § 75.1-1 by engaging in unfair or deceptive acts in relation to the handling of Plaintiffs' April 2011 claim for damage to their house. Although Defendant has submitted a multitude of documents relating to allegations raised in Plaintiffs' complaint, the vast majority of these documents address matters not immediately relevant to Plaintiffs' second

claim. (See Docs. 17-1—15; 21-1—7). Defendant has not identified for the Court specific evidentiary materials that address specific allegations raised in Plaintiffs' second claim; nor has Defendant provided any account as to why individual exhibits might be proper for consideration at this stage of litigation.

N.C. Gen. Stat. § 58-63-15 provide a series of definitions as to what constitutes "unfair and deceptive acts" or practices in the business of insurance. Additionally, § 58-63-15(11) lists various actions which, if proven, constitute unfair claim settlement practices. Although spare on factual content, Plaintiffs have nonetheless alleged sufficient facts to state a plausible claim for relief under the North Carolina law for unfair and deceptive trade practices. Whether Plaintiffs can prove such facts is not a question currently in front of this Court. It suffices for the present that Plaintiffs have alleged such facts.

For this reason, the Court **denies** Defendant's Motion for Judgment on the Pleadings, (Doc. 20).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion to Dismiss Claim Three, (Doc. 27), is **GRANTED**;
2. Plaintiffs' Motion to Dismiss Claim Three, (Doc. 23), is **DENIED as moot**;
3. Defendant's Motion for Judgment on the Pleadings, (Doc. 20), is **DENIED**; and
4. Plaintiffs' Third Claim for Relief is **DISMISSED with prejudice.**

Signed: August 13, 2014

Robert J. Conrad, Jr.
United States District Judge